IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE CALLANS, | No. C 06-00006 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 19] |
| UNITED STATES POSTAL SERVICE, DALE MORIOKA, and DOES 1-100, | |
| Defendants. / | |

This matter comes before the Court on Defendants' Motion to Dismiss individual Defendant Morioka pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and Defendants' Motion to Dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for defects in service of process [Docket No. 19].

## BACKGROUND

Plaintiff is an adult female resident of San Francisco. Compl. at ¶ 4. From 1987 until sometime in 1997, she worked for the United States Postal Service ("USPS") in a craft position. *Id*. at ¶¶ 11-12. Defendant Dale Morioka was Plaintiff's supervisor at all relevant times. *Id*. at ¶ 6.

Plaintiff was served with a Notice of Removal from her position on April 11, 1996. *Id*. at ¶ 13. The Complaint does not clearly explain the reasons for this first Notice of Removal. Plaintiff was notified that her effective date of removal would be July 26, 1996. *Id*. The notice was later rescinded for procedural due process reasons, and Plaintiff was permitted to return to work. *Id*.

In mid-June 1997, Plaintiff took a leave of absence from her position to care for her ill mother in Hawaii. This leave was approved by one of her supervisors, Shirley King. *Id*. at ¶ 12. However, Plaintiff did not request permission from Dale Morioka. *Id*. at ¶ 16. On July 25, 1997, Morioka issued Plaintiff a Proposed Notice of Removal. *Id*. at ¶ 17. Plaintiff states that she was

unable to respond to this notice on account of her extended absence to care for her mother, but that "at all times [she] kept her immediate supervisor, King, advised as to what was happening in Hawaii." *Id.*

On August 15, 1997, Defendant Morioka issued a Letter of Decision, removing Plaintiff from her position at the Postal Service. *Id*. at ¶ 18.  The letter stated that:

> Your failure to properly document and/or inform your supervisors of your inability to report to duty shows a total disregard of postal rules and regulations.  Your failure to respond to correspondence requesting that you return to duty or submit medical documentation to support your absence further demonstrates your inability or unwillingness to abide by postal rules and follow the instructions of your supervisor.  In addition, your failure to respond to the charges in the Notice of Proposed Removal further demonstrates your lack of commitment to your job at the postal service.  Based on the above, you have clearly demonstrated that you are not a potential candidate for rehabilitation.  Therefore, your removal is necessary to promote postal service efficiency.

*Id*. On August 18, 1997, Plaintiff filed a Step 2 Grievance Appeal. *Id*. at ¶ 19.  She stated that she was out of town on an emergency, was being treated for a stress disorder, and expected to be able to return to work shortly. *Id*.

On September 4, 1997, Plaintiff filed an Appeal through her union alleging disability and age discrimination. *Id*. at ¶ 20.  Plaintiff subsequently withdrew her appeal, but states that she "clearly articulated a desire to proceed with the grievance arbitration procedure on her claims of wrongful termination and discrimination." *Id*. at ¶ 21.  Plaintiff asserts that she was "trapped in a procedural morass" for the next six years, at which point arbitration finally began. *Id*. at ¶ 20.

On October 14, 2003, and November 20, 2003, testimony and evidence were heard on Plaintiff's claims for wrongful termination and discrimination by an arbitrator. *Id*. at ¶ 22. Supplemental briefing was ordered, Plaintiff states that a formal decision was to be made on or before January 12, 2004.  No decision had been made as of the date that the complaint was filed. *Id*. Plaintiff remained on "absent without leave" status throughout the period in which her administrative appeal and arbitration were ongoing. *Id*. at ¶ 23.  According to Plaintiff, "the entire grievance and arbitration system, ostensibly created to resolve, quickly and efficiently, disputes such

2

as [hers], failed." *Id*. at ¶ 25.

On January 3, 2006, Plaintiff filed the instant complaint alleging two causes of action: (1) that all Defendants violated her Constitutional right to Due Process and Equal Protection and she is entitled to relief under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); and (2) that Defendants Morioka and Does 1-100 "set the official policies, customs, and practices for the USPS that were the moving force behind Plaintiff's constitutional injuries," and thus these Defendants are subject to supervisory liability. *Id*. at ¶¶ 31-41.

## **LEGAL STANDARDS**

### **A.    Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) provides for motions to dismiss for lack of subject matter jurisdiction. The plaintiff always bears the burden of establishing subject matter jurisdiction. In effect, the court presumes lack of jurisdiction until plaintiff proves otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).

District courts have jurisdiction over properly pleaded *Bivens* actions. However, a defendant is still free to move pursuant to Rule 12(b)(1) to dismiss the complaint if it is not otherwise jurisdictionally proper. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 563 n.4 (9th Cir. 1994).

### **B.    Rule 12(b)(5)**

Federal Rule of Civil Procedure 12(b)(5) provides for motions to dismiss for insufficiency of service of process. Where the validity of service is contested by Rule 12 motion, the burden is on plaintiff. "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

## **ANALYSIS**

### **A.    Subject Matter Jurisdiction**

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) motion first. This prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Ramming v. United States*, 281 F.3d 158, 161 (5th

Cir. 2001) ("The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction.").

Defendant argues that this Court should dismiss Defendant Morioka for lack of subject matter jurisdiction, because Title VII is the exclusive remedy for a federal employee alleging workplace discrimination. *See* Motion at 5 (citing *Carlson v. Veneman*, 2002 WL 413807 at *1 (N.D. Cal. 2002)). Therefore, Defendant argues, Plaintiff should have brought a Title VII claim, and such a claim may only be brought against the government, not against an individual supervisor. This may or may not be a valid argument as to why Plaintiff should lose on the merits, but Defendant offers no authority whatsoever for the proposition that the unavailability of a *Bivens* action for workplace discrimination against a federal employee means that the Court lacks subject matter jurisdiction. *See Janicki Logging Co.*, 42 F.3d at 563 (holding that although plaintiff could not state a cause of action, the district court was not deprived of jurisdiction).

However, the Court may consider *sua sponte* whether subject matter jurisdiction exists. "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). This Court believes that it may lack jurisdiction because Plaintiff failed to exhaust administrative remedies.

As a federal employee, Plaintiff is subject to the Civil Service Reform Act of 1978 (CSRA). The purpose of that statute was to "create a single unified personnel policy which [takes] into account the requirements of all the various laws and goals governing Federal personnel management." *Saul v. United States*, 928 F.2d 829, 833 (9th Cir. 1991) (citations omitted). The Ninth Circuit has held that a federal employee, falling under the CSRA, has in most instances adequate administrative remedies which preclude recovery under *Bivens*:

> Congress created the framework for federal personnel policy in the CSRA. "The CSRA contains an 'elaborate remedial system that has been constructed step by step, with careful attention to conflicting policy considerations.'" *Blankenship*, 176 F.3d at 1195 (*quoting Bush*, 462 U.S. at 388). <u>When allegedly unconstitutional conduct falls within the broad confines of the CSRA, courts lack jurisdiction to hear a *Bivens* action based on the conduct</u>.

4

*See Saul v. United States*, 928 F.2d 829, 840 (9th Cir. 1991).

*Collins v. Bender*, 195 F.3d 1076, 1077-1078 (9th Cir. 1999) (emphasis added).

Neither party raised or briefed the issue of whether Plaintiff is precluded from raising a *Bivens* action because the CSRA provides adequate administrative remedies. Accordingly, the Court orders supplemental briefing on the following questions:

1. Whether Title VII is Plaintiff's exclusive remedy, and, assuming that Title VII is Plaintiff's exclusive remedy, why that deprives this Court of subject matter jurisdiction.  The parties are ordered to provide the Court with relevant authority on both questions.

2. Whether Plaintiff is covered by the CSRA and, if so, whether that strips the Court of subject matter jurisdiction over her *Bivens* action.  Again, the parties shall provide the Court with relevant authority.

**B.   Sufficiency of Service of Process**

   **A.   Defendant United States Postal Service**

In order to bring suit against the United States or its agencies, Federal Rule of Civil Procedure 4(i) must be complied with. *See* Motion at 3. This rule provides that service must be effected by delivering a copy of the summons and of the complaint to the United States Attorney for the district in which the action is brought, or to an Assistant United States Attorney or clerical employee designated by the United States Attorney, or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States Attorney. Plaintiff must also send a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States in Washington D.C. Finally, where an employee or agency of the United States is sued, Plaintiff must send a copy of the summons and complaint by registered or certified mail to the employee or agency. Service must be made within 120 days after filing of the complaint. Fed. R. Civ. P. 4(m).

5

Plaintiff has produced proof that she hand-delivered the summons and complaint to the local United States Attorney's Office on April 18, 2006, and to Defendant Morioka, apparently at his home address, on April 20, 2006. *See* Docket No. 13. This service was timely: the complaint was filed on January 3, 2006, and service in mid-April was within the 120-day deadline. However, Plaintiff did not send a copy of the summons and complaint by mail to the Attorney General's office in Washington, nor did she serve the United States Postal Service, within the 120-day timeline. On November 27, 2006, Plaintiff filed Additional Proof of Service, showing that Attorney General Alberto Gonzales, and United States Attorney Kevin Ryan, were served with the summons and complaint by certified mail on November 21, 2006. *See* Docket No. 30. On November 30, 2006, Plaintiff filed Supplemental Proof of Service, showing that the United States Postal Service headquarters was served with the summons and complaint by certified mail on that day. Docket No. 32. Obviously this service was untimely.

The Court can dismiss an action for failure to properly or timely serve the complaint. *See* Rule 4(m) ("If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."). *See also Reynolds v. United States*, 782 F.2d 837, 838 (9th Cir. 1986) (affirming dismissal of action for failure to timely serve defendant, despite plaintiff's protestations of good faith, which "boiled down to the fact that [counsel] had failed to read the Rules of Civil Procedure").

Plaintiff contends that it made a reasonable effort to effect service, and that Defendants had actual notice of the lawsuit and cannot claim prejudice from any technical defect in service. *See Television Signal Corp. v. City & County of San Francisco*, 193 FRD 645, 646 (N.D. Cal. 2000) ("Good cause generally means plaintiff attempted service

6

but did not complete it; plaintiff was confused about the requirements for service; or plaintiff was prevented from serving defendants by factors beyond his control. It is examined by considering: (1) whether the delay resulted from inadvertence or whether a reasonable effort to effect service has occurred; (2) whether defendant has been prejudiced by the delay; or (3) whether plaintiff has moved for an enlargement of time to effect service under FRCP 6(b)."). It is clear that Plaintiff was not prevented from properly effecting service by factors beyond her control. She was represented by counsel, so the Court sees no reason for confusion about the requirements for service. Plaintiff offers no explanation for her failure to fully comply with the requirements of Rules 4(i) and 4(m), instead asserting that she made a reasonable effort and that is enough.

Defendant argues persuasively that Plaintiff's lack of diligence in completing service justifies dismissal. Defendant informed Plaintiff in July and August 2006 that there were defects in service. *See* Lee Decl. at ¶¶ 3-6. Plaintiff then e-filed proofs of the original service in October 2006, and made some effort to cure the identified defects by serving the Attorney General's office in late November 2006. Despite receiving notice in writing from opposing counsel of the requirements for service on the government, Plaintiff still failed to fully comply with the Rules.

It does not appear that Defendants have been prejudiced by the defects in service. The same day that the proofs of service were e-filed by Plaintiff, Defendant filed the instant Motion to Dismiss; Defendants have had actual notice of this lawsuit since July 2006. But Plaintiff's apparent decision to treat the rules casually cannot constitute good cause for delay. *See Tuke v. United States*, 76 F.3d 155, 156 (7th Cir. 1996). Accordingly, the Court GRANTS Defendant's Motion to Dismiss under Rule 12(b)(5) as to the United States Postal Service.

Rule 4(m) provides that the Court should dismiss without prejudice and allow Plaintiff an additional specified period of time within which to complete service.

7

Accordingly, Plaintiff's complaint is dismissed without prejudice as to the Postal Service. However, Plaintiff is ORDERED TO SHOW CAUSE why the Court should not dismiss the complaint with prejudice as to Defendant United States Postal Service: even if Plaintiff were to properly serve the government, the law is clear that a government agency cannot be sued in a *Bivens* action. *See FDIC v. Meyer*, 510 U.S. 471 (1994). Absent a waiver of sovereign immunity, the *Bivens* remedy exists solely against individual federal officials, not against the United States. *See Kreines v. United States*, 33 F.3d 1105, 1109 (9th Cir. 1994), *cert. denied*, 513 U.S. 1148 (1995); *Thomas-Lazear v. F.B.I.*, 851 F.2d 1202, 1207 (9th Cir. 1988). Thus, even if Plaintiff were to properly serve the Postal Service, the Postal Service would presumably immediately file a Motion to Dismiss for failure to state a claim, which would apparently be meritorious. Plaintiff is ordered to provide any reason why it would not be futile re-file and properly serve the complaint on the Postal Service, given that her cause of action against it appears to be barred.

### B.    Defendant Morioka

Where a plaintiff sues a federal officer in his individual capacity in a *Bivens* action, she need not serve the United States Attorney or the Attorney General as required under Rule 4(i). *See Vaccaro v. Dobre*, 81 F.3d 854, 856-57 (9th Cir. 1996). Service of an individual defendant is governed by Rule 4(e), not 4(i). Under Rule 4(e), service can be accomplished by "delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house." Rule 4(e)(2).

Plaintiff filed proof that Defendant Morioka was served by a process server at an address that appears to be his dwelling on April 20, 2006. Docket No. 13. This individual service was proper pursuant to Rule 4(e), and squarely falls within the 120 days allowed for service. Accordingly, Defendant's Motion to Dismiss under Rule 12(b)(5) is DENIED as to Defendant Morioka.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED THAT the parties shall file supplemental briefing on the questions discussed above within **ten days** of the date of this Order. At that point, the Court will take Defendant's Motion to Dismiss Defendant Morioka for lack of subject matter jurisdiction under submission. If the Court later decides that oral argument is necessary, the clerk shall schedule such argument and inform the parties.

IT IS FURTHER ORDERED THAT Defendant's Motion to Dismiss Defendant United States Postal Service for insufficient service of process is GRANTED. The Postal Service is dismissed from this lawsuit without prejudice. However, Plaintiff is ordered to show cause, within **ten days** of the date of this Order, why the Postal Service should not be dismissed with prejudice.

IT IS FURTHER ORDERED THAT Defendant's Motion to Dismiss for insufficient service of process is DENIED as to Defendant Morioka.

IT IS SO ORDERED.

Dated: 12/1/06

*Saundra B Armstrong*

SAUNDRA BROWN ARMSTRONG
United States District Judge