**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

DIANE CALLANS,

        Plaintiff,

  v.

DALE MORIOKA,

        Defendant.

No. C 06-0006 SBA

**ORDER**

[Docket No. 38]

Before the Court is defendant Dale Morioka's Motion to Dismiss [Docket No. 32]. After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing. For the reasons that follow, the Court GRANTS Morioka's motion.

A full discussion of the background of this case may be found in two prior orders entered on the defendants' motion to dismiss. *See* Docket Nos. 33, 37. In sum, plaintiff Diane Callans brought this action against the United States Postal Service (USPS) and Dale Morioka, her supervisor at the USPS. The substance of Callans's claim is that she was "victimized because of her status as a disabled person, he[r] status as Hawaiian, and because of her age." Compl. at ¶ 34. In her complaint, Callans alleges that the USPS and Morioka therefore violated her constitutional right to due process and equal protection and that she is entitled to relief under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Court dismissed Callans's claims against the USPS for insufficient service of process, leaving Morioka as the sole defendant. *See* Docket No. 33.

Defendant Morioka seeks to dismiss Callans's action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). In the parties' previous briefing, Callans conceded that an employee covered by the Civil Service Reform Act (CSRA) may not bring claims related to adverse personnel decisions under *Bivens*. She maintained, however, that she is not in the class of federal employees covered by the CSRA, citing *American Federation of Government Employees v. Principi*, 464 F.3d 1049, 1051 (9th Cir. 2006), which notes that Title VII of the CSRA governs labor management and relations for non-postal federal employees. Morioka asserted that Callans is in fact covered by the

CSRA, but offered no authority to support this assertion. The Court was persuaded that if Callans is subject to the CSRA, there is indeed no jurisdiction over her *Bivens* claim. *See Saul v. United States*, 928 F.2d 829, 838 (9th Cir. 1991). The Court therefore ordered additional briefing on this sole issue. The Court now addresses this remaining matter.

Morioka argues that the Ninth Circuit has held that postal workers are covered by the CSRA, citing *Kennedy v. United States Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam), and *Pereira v. United States Postal Service*, 964 F.2d 873, 875 (9th Cir. 1992). In *Kennedy*, the Ninth Circuit observed that the Postal Reorganization Act (PRA) applies provisions of the CSRA relating to adverse employment actions, 5 U.S.C. §§ 7501-43, to Postal Service employees. *Kennedy*, 145 F.3d at 1078. The PRA also makes provisions of the CSRA applicable to preference eligible Postal Service employees. 39 U.S.C. § 1005(a)(4)(A)(i).

It is clear that Callans is covered by the CSRA because she falls under the "preference eligible" category. Callans previously served in the Navy. *See* Compl. at ¶¶ 11 and 15 (stating that Callans was "a veteran of the United States Navy, one of four women at that time picked to be in the Navy's unit of Special Forces" and describing Callans "[a]s a former member of the Navy"). This rendered her a "preference eligible" Postal Service employee covered by the CSRA. *See* 5 U.S.C. § 7511(a)(1)(B)(ii); *see also United States Postal Serv. v. Gregory*, 534 U.S. 1, 4-5 (2001) (finding that "[b]ecause respondent previously served in the Army, she falls into the category of 'preference eligible' Postal Service employees covered by the [CSRA]"). And the CSRA covers Callans's removal because Morioka terminated her "to promote postal service efficiency." This is specifically addressed by the Act. *See* 5 U.S.C. § 7512 ("This subchapter applies to – (1) a removal"). Consequently, the CSRA precludes Callans's *Bivens* claim. Morioka's Motion to Dismiss [Docket No. 32] is therefore GRANTED.

IT IS SO ORDERED.

March 1, 2007

_____
Saundra Brown Armstrong
United States District Judge

2